### LEVENSON v. SILVERMAN et al.

(Supreme Court, Appellate Term. June 29, 1911.)

Courts (§ 189*)—Verified Answer—Necessity.

Municipal Court Act (Laws 1902, c. 580) § 145, subd. 2, provides that where a written complaint, verified or unverified, is served with a summons, a written answer, verified if the complaint be verified, or a written demurrer, must be filed. Section 147 declares that, if a defendant fails to appear and answer, plaintiff cannot recover without proving his case, except in a case specified in Code Civ. Proc. § 3406, and except where the action is on a contract express or implied and a copy of a

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

verified complaint was "served" on the defendant at the time of the service of the summons. *Held*, that since a verified complaint filed on the return day does not require a verified answer, and, even if no answer at all is filed, plaintiff cannot have judgment without proof of his claim in open court, unless a verified complaint has been "served" with the summons, where the copy of the complaint served was not verified, the fact that the copy attached to the original summons "filed" was verified did not entitle plaintiff to judgment without proof of his claim, on. the defendant appearing and filing a nonverified answer.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Levenson against Hyman Silverman and others. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Isidore S. Chirurg, for appellant.
Hyman I. Barnett, for respondents.

PER CURIAM. Plaintiff caused a summons to be issued out of the Municipal Court against the defendants, and attached thereto a verified complaint. The copy of the summons served upon the defendants had attached thereto a complaint which had not been verified, and in that respect was not a copy of the complaint attached to the original summons. Upon the return day the defendants appeared and filed an answer, not verified. The plaintiff thereupon moved for a judgment upon the verified complaint filed with the original summons. The court below refused to give judgment, and thereupon the plaintiff refused to proceed with the case, and the complaint was dismissed without prejudice to a new action. From the judgment of dismissal the plaintiff appeals.

The only provisions regarding the service of a verified pleading in a Municipal Court are contained in sections 145 and 147 of the Municipal Court act. Subdivision 2 of section 145 declares that:

"In all cases where a written complaint verified or unverified is served with the summons, a written answer verified if the complaint be verified, or a written demurrer must be filed," etc.

Section 147 provides that, if the defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except in a case specified in section 3406 of the Code of Civil Procedure, and except that where the action is on a contract, express or implied, and a copy of a verified complaint was served on the defendant at the time of the service of summons, judgment may be taken as demanded without further proof.

It will be seen from the foregoing sections that the only case in which a plaintiff can obtain a judgment without oral proof in open court is where a verified complaint is served at the time the summons is served. In the case at bar the complaint that was served with the summons was not verified, and it is the complaint which is served that determines whether or not the defendant must file a verified answer

---

thereto. A verified complaint, filed upon the return day, does not require a verified answer, and even if no answer at all is filed, unless a verified complaint has been served with the summons, the plaintiff cannot have a judgment without proof of his claim in open court. In effect, all that the plaintiff did in this case was to file a verified complaint, which had not been served with the summons, and the court below very properly held that he must offer oral proof before he became entitled to judgment.

Judgment affirmed with costs.